**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4768

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

OWEN RENARDO BOWEN,

Defendant - Appellant.

No. 11-5010

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DONNELL DEMETRIUS STANFORD, a/k/a D,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:09-cr-00202-BO-5); James C. Dever, III, Chief District Judge. (5:09-cr-00202-D-3)

Submitted: July 30, 2012          Decided: August 7, 2012

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

No. 11-4768, dismissed in part, affirmed in part, No. 11-5010, affirmed by unpublished per curiam opinion.

---

Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina; Ronald Cohen, Wilmington, North Carolina, for Appellants. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Owen Bowen appeals his conviction and 135-month sentence following his guilty plea pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute and to distribute more than fifty grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2012) and 21 U.S.C. § 846 (2006) (No. 11-4768), and Donnell Demetrius Stanford appeals his convictions and concurrent 360-month sentences following his guilty plea to one count of conspiracy to possess with intent to distribute and to distribute more than fifty grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) and 21 U.S.C. § 846, and one count of possession with intent to distribute more than fifty grams of cocaine base and a quantity of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (No. 11-5010). The Government argues that Bowen's appeal of both his conviction and sentence is foreclosed by the waiver of appeal rights in his plea agreement and that Stanford's appeal is without merit. In appeal No. 11-4768, we dismiss in part and affirm in part. In appeal No. 11-5010, we affirm.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if

3

the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the Government seeks to enforce an appeal waiver and there is no claim that the Government breached its obligations under the plea agreement, this court will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. Id. at 168 & n.5.

Upon review of the record and the parties' briefs, we conclude that Bowen knowingly and voluntarily waived the right to appeal his 135-month sentence. Accordingly, we dismiss the portion of Bowen's appeal challenging the imposition of his sentence.

A straightforward reading of the language of the appellate waiver provision of Bowen's written plea agreement, however, belies the Government's contention that it also forecloses Bowen's right to challenge his conviction on direct appeal. Nevertheless, we decline to reach the merits of Bowen's

4

challenge to the district court's denial of his motion to dismiss the indictment as the claimed error was waived by virtue of Bowen's guilty plea. "When a [criminal] defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004). A defendant's guilty plea "represents a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). "Thus, the defendant who has pled guilty has no non-jurisdictional ground upon which to attack [a] judgment except the inadequacy of the plea or the [G]overnment's power to bring any indictment at all." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010) (internal quotation marks and citation omitted).

Bowen's valid guilty plea thus waives his argument challenging the district court's denial of his motion to dismiss the indictment on the basis of alleged prosecutorial misconduct. Accord United States v. Carr, 303 F.3d 539, 542-43 (4th Cir. 2002) (noting that defects in an indictment are not jurisdictional). Accordingly, in appeal No. 11-4768, we also affirm the district court's judgment in part.

Turning to Stanford's appeal, he argues first that his guilty plea was involuntary due to the district court's denial of his requests to substitute counsel, exertion of pressure for

5

a guilty plea, and coercive behavior. We conclude that this argument is without merit.

This court will not find a guilty plea to be involuntary where there has not been "a 'breakdown' of attorney-client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." United States v. Smith, 640 F.3d 580, 582, 588, 593 (4th Cir.), cert. denied, 132 S. Ct. 430 (2011). However, even if such a breakdown in communication occurs, this court has explained that,

> after granting one or more substitution motions a court may well decline to grant further motions if it finds that yet another substitution would not remedy the problem. In such a case, it cannot be said that a defendant did not have the Assistance of Counsel for his defen[s]e, though defendant's obstinacy may have frustrated it.

Id. at 591 (internal quotation marks and citation omitted).

After review of the record, we conclude that the district court's denial of Stanford's motions to substitute counsel did not deprive him of the meaningful assistance of counsel. The record makes clear that Stanford's conflict with his appointed counsel stemmed from his own obstinacy and that providing Stanford with substitute counsel would not have lessened his obstinacy or improved his assessment of his circumstances. Accord United States v. DeTemple, 162 F.3d 279, 289 (4th Cir. 1998) (stating that a "[district] court can

6

properly refuse a request for substitution of counsel when the defendant's own behavior creates the problem"). Further, Stanford's assertions that the district court exerted "pressure" on him to plead guilty and acted in an "inherently coercive" manner find no support in the record. Because the prerequisites to Stanford's claim of an involuntary guilty plea fail, the claim necessarily fails, and we therefore reject it.

Stanford also raises a number of challenges to his 360-month sentence. This court examines the district court's sentencing determinations "under an abuse-of-discretion standard, which translates to review [of the sentence] for reasonableness." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010) (internal quotation marks omitted). Stanford's challenges to the propriety of his sentence are raised for the first time on appeal. This court reviews such challenges for plain error only. United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010).

Stanford argues that the district court effectively convicted him of crimes not charged by the grand jury or proved in a manner consistent with the requirements of notice, in violation of the Fifth and Sixth Amendments. This argument is meritless. As long as a district court sentences a defendant within the statutory maximum authorized by the jury's findings or his guilty plea, the court can consider facts it finds by a

preponderance of the evidence to exercise its discretion in determining the appropriate sentence within that maximum. United States v. Grubbs, 585 F.3d 793, 798-803 (4th Cir. 2009); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008); United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007). Stanford's guilty plea subjected him to a maximum sentence of life in prison on each count. He received concurrent prison terms of 360 months based on facts found by the district court by a preponderance of the evidence. The court's consideration of these facts in determining Stanford's sentence did not violate his constitutional rights.

Stanford also raises challenges directed specifically at the district court's calculation of his total offense level under the U.S. Sentencing Guidelines Manual (2010) based on its reliance on statements in the presentence report ("PSR") and the testimony of the Government's witness at sentencing. Specifically, Stanford contends that his right under the Sixth Amendment to confront witnesses against him was violated because the court considered testimonial hearsay present in both the PSR and the testimony of the witness. This contention is meritless because the Confrontation Clause does not apply at sentencing. United States v. Powell, 650 F.3d 388, 393 (4th Cir.), cert. denied, 132 S. Ct. 350 (2011).

Stanford also suggests that the district court erred in considering and accepting such evidence because it was not reliable. A sentencing court may consider "any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." Id. at 392 (internal quotation marks omitted). Although Stanford faults the district court for erroneously accepting the testimony of the witness regarding the reliability of statements made by cooperating individuals on the premise that the witness was not qualified as an expert, this argument misses the mark. The Federal Rules of Evidence simply do not apply at sentencing. Fed. R. Evid. 1101(d)(3); United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). Further, Stanford's suggestion that statements from the cooperating individuals were unreliable because those individuals were "criminals" is unexplained and unsupported.

Finally, insofar as Stanford may be inviting us to overrule Powell, we decline his invitation. Powell is controlling circuit precedent, and "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) (internal quotation marks and alteration omitted).

Stanford thus fails to establish that the district court committed error—plain or otherwise—in imposing his sentence. Accordingly, in appeal No. 11-5010, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 11-4768, DISMISSED IN PART,
AFFIRMED IN PART
No. 11-5010, AFFIRMED
